Case 7:17-cv-00137-KMK-AEK   Document 126   Filed 12/29/20   Page 1 of 2

# CARYKANE

A LIMITED LIABILITY PARTNERSHIP FOR THE PRACTICE OF LAW
1350 BROADWAY, SUITE 2220
NEW YORK, NY 10018

**MEMO ENDORSED**

December 29, 2020

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Re: *Soft Drink & Brewery Workers and Delivery Employees, Industrial Employees, Warehousemen, Helpers and Miscellaneous Workers, Greater New York and Vicinity Local Union No. 812, et al. v. Ulrich, Case No. 17-cv-0137 (KMK)*
>
> *Local 812 Health Fund et. al. v. Ulrich, Case No. 17-cv-7023 (KMK)*

Dear Judge Karas:

As you know, our firm represents the Soft Drink & Brewery Workers and Delivery Employees, Industrial Employees, Warehousemen, Helpers and Miscellaneous Workers, Greater New York and Vicinity Local Union No. 812 and its individual officers (the "Union"), and the Local 812 Health Fund and its trustees (the "Fund"), all Plaintiffs in the above-referenced actions. We write to ask the Court's assistance in obtaining proper discovery responses from Defendant John Ulrich under your Memo Endorsement dated October 15, 2020 and docketed as document number 121.

Mr. Ulrich was required to respond to Plaintiffs' document demands and interrogatories no later than the December 21, 2020. On December 21, 2020, Mr. Ulrich, through his fiancé Andrea Campolo, emailed "responses" to the interrogatories. However, his responses to all 24 interrogatories propounded by the Fund and 7 of the 12 interrogatories propounded by the Union contain only his objections, a recitation of his alleged physical and psychological difficulties, and an assertion that he is incapacitated and/or incompetent. As to the documents due from Mr. Ulrich, Ms. Campolo simply advised that she and Mr. Ulrich were still gathering documents which would be mailed to our firm.

On December 22, 2020, I advised Mr. Ulrich and Ms. Campolo by email that the interrogatory responses were unacceptable and warned that the Plaintiffs would ask the Court to compel proper responses if such were not provided. I also asked that they send the documents compiled thus far in response to the Plaintiffs' document demands and

# CARY KANE

Hon. Kenneth M. Karas
December 29, 2020
Page 2 of 2

supplement their submission as additional documents are identified. As of this date Plaintiffs have not received any documents at all from Mr. Ulrich. Nor have they received revised interrogatory responses.

Plaintiffs respectfully ask this Court to order Mr. Ulrich to immediately provide responsive answers to Plaintiffs' interrogatories. Plaintiffs have not attached Mr. Ulrich's interrogatory responses to this letter because the responses contain information on Mr. Ulrich's alleged medical conditions which may be better filed under seal. If the Court wishes Plaintiffs to provide copies of the interrogatory responses, we ask for direction as to how this should be done.

Plaintiffs also ask that Mr. Ulrich be directed to immediately produce the documents requested in Plaintiffs' document demands and detail his attempts to find any documents that he cannot produce. We further respectfully suggest that the Court sanction Mr. Ulrich if he continues to ignore his obligations in these cases.

Plaintiffs will provide a copy of this letter to Mr. Ulrich via email and first class mail.

Mr. Ulrich is to immediately provide the requested documents and to answer the interrogatories. Failure to do so could result in sanctions, including contempt. Plaintiff's counsel is to mail this memo endorsement to Plaintiff and certify that this was done in a filing by 12/31/20.

So Ordered.

/s/ K—M—K

12/29/20

Respectfully submitted,

/s/

Susan Bruno
Cary Kane LLP
Counsel for Plaintiffs

4848-3552-6476, v. 1