UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

Soft Drink, Brewery Workers and Delivery
Employees, Industrial Employees,
Warehousemen, Helpers and Miscellaneous
Workers, Greater New York and Vicinity,
Local Union No. 812

                      Plaintiff,                        **ORDER**

      -against-                                17 Civ. 137 (KMK)(AEK)

Ulrich,

                      Defendant.
-------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      On March 25, 2021, Plaintiff informed the Court that Defendant's deposition, which was scheduled to take place on March 25-26, 2021, had been cut short on the first day due to a previously unreported medical appointment. ECF No. 129. According to Plaintiff, Defendant appeared at his scheduled deposition for about an hour, and agreed to Plaintiff's request that he appear for a full day deposition the next day (March 26) and be available the next Monday (March 29) if necessary. *Id.* However, that evening, Defendant's fiancée Andrea Campolo emailed Plaintiff a letter from Defendant's physician, Olga Fishman, M.D., asking that the deposition be postponed for "at least 6 weeks."[1] *Id.* Based on the information Plaintiff's counsel received, she inferred that Defendant would not be attending his deposition on March 26, 2021, and requested that the Court order Defendant to pay the court reporter's fees for the cancelled deposition, and to appear for his continued deposition on a date certain. *Id.*

---

[1] Ms. Campolo emailed this letter to the Court later that night, along with other medical records.

The next morning, March 26, Ms. Campolo submitted by email a letter to the Court and Plaintiff's counsel, detailing what she described as Defendant's rapidly deteriorating medical situation, including the possible need for inpatient psychiatric care. After reviewing the submissions from Plaintiff and Ms. Campolo, the Court adjourned (by e-mail) the status conference that had been previously scheduled for Friday, March 26, 2021.

On Monday, March 29, Ms. Campolo emailed the Court (and Plaintiff, separately), a letter stating that an Attorney Advisor for the Social Security Administration ("SSA") found Defendant to be disabled on February 23, 2021. While this letter provides more detail about the nature and severity of Defendant's medical issues, a decision by the SSA about Defendant's ability to work is not determinative of Defendant's ability to testify at a deposition, and the Court is not bound by the SSA's decision in this matter. Indeed, the SSA letter indicates that the period of Mr. Ulrich's disability began nearly two years ago, and Mr. Ulrich has been involved in the litigation of this case in various ways since then.

Defendant's deposition is the last piece of discovery to be completed in a case that has been continuously plagued by delays and disruptions. In addition to case management and efficiency concerns, there is also the question of the date Defendant is scheduled to surrender himself to the custody of the Bureau of Prisons ("BOP"), which is set for April 15, 2021.[2] *See U.S. v. Ulrich*, 19 Cr. 107, ECF No. 61. While Defendant could potentially appear at his deposition remotely while incarcerated, that would likely entail significant logistical and scheduling challenges and cause further delay.

---

[2] At the last status conference before this Court on February 8, 2021, Defendant stated that his actual surrender date would be April 6, 2021.

From Ms. Campolo's communications with the Court, as well as discussions with Defendant at prior status conferences, it is evident that Defendant continues to struggle with major health issues, making it difficult for him to participate fully in this matter. Given the need to move this case forward, however, and the potential prejudice to Plaintiff from the ongoing delay, if the Court is going to consider a lengthy adjournment of Mr. Ulrich's deposition, the Court must have further information from one or more medical professionals specifically addressing Mr. Ulrich's ability to participate in a deposition given his current health condition. The March 25, 2021 letter from Dr. Fishman indicates that Mr. Ulrich "is advised to avoid strenuous cognitive effort at this time," but provides no further detail; of course, there is no reason why Dr. Fishman would have any understanding of the practical and logistical challenges of postponing the deposition for that length of time. It is critical to understand whether it simply would be preferable from a medical standpoint that Mr. Ulrich's deposition be postponed, whether Mr. Ulrich is functionally incapable of participating in a deposition at this time, and/or whether participating in a deposition before the passage of a six-week period actually would cause Mr. Ulrich to suffer demonstrable harm or setbacks in his recovery from his latest injury.

This situation is further complicated by the fact that Mr. Ulrich is proceeding *pro se* in this case, and the only person currently speaking on behalf of Mr. Ulrich is Ms. Campolo who, as previously noted, is not an attorney and cannot represent Mr. Ulrich in this matter. *See* ECF No. 111. To properly assess this situation, the Court must hear directly from a medical professional—not from Ms. Campolo purporting to summarize what she has been told by medical professionals regarding Mr. Ulrich. That said, given the unusual circumstances presented by Mr. Ulrich's current condition, the Court will permit Ms. Campolo to transmit to

the Court via e-mail the necessary information from Mr. Ulrich's medical providers in order to address the Court's questions.

By **Monday, April 5, 2021,** Defendant is directed to produce a letter from one or more of his treating physicians, explaining the nature of his medical issues, how they affect his ability to testify at his deposition, and what Defendant is actually physically capable of doing at this time. In addition to this letter, Defendant must promptly update the Court if, at any time, there is a change to Defendant's date to surrender to BOP.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Defendant.

In addition, chambers staff will send a copy of this order via e-mail to Ms. Campolo.

Dated: March 31, 2021
       White Plains, New York

                                        **SO ORDERED.**

                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge