UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Soft Drink, Brewery Workers and Delivery
Employees, Industrial Employees,
Warehousemen, Helpers and Miscellaneous
Workers, Greater New York and Vicinity,
Local Union No. 812,

                       Plaintiff,                            **ORDER**

          -against-                          17 Civ. 137 (KMK)(AEK)

Ulrich,

                       Defendant.
------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

     On March 31, 2021, this Court issued an order directing the Defendant, John Ulrich, to produce a letter from one or more of his treating physicians regarding his current medical conditions and how those conditions affect his ability to testify at a deposition in this action. *See* ECF No. 130. Defendant's fiancée, Andrea Campolo, provided a package of materials to the Court on April 5, 2020, which included a one-page letter, dated April 2, 2021, from Olga Fishman, M.D.; a two-page summary of Defendant's April 1, 2021 appointment with Dr. Fishman; and a one-page letter, dated April 1, 2021, from Richard E. Luria, M.D. The remainder of the submission consisted of letters that had been submitted to the Court prior to the issuance of the March 31, 2021 order, or materials which described Mr. Ulrich's medical conditions as of July, August, and October 2020.

     The letter from Dr. Fishman provided certain additional details regarding a March 18, 2021 concussion that impacted Defendant's preexisting medical complications. In this letter, Dr. Fishman reiterated the recommendation that Mr. Ulrich "have cognitive rest for at least 6 weeks as strenuous mental activity"—which would include participation in a deposition—could

exacerbate certain symptoms and complaints. Meanwhile, the letter from Dr. Luria largely focused on the challenges Mr. Ulrich has faced over an extended period of time, while only briefly adding that Mr. Ulrich's March 2021 episode aggravated his prior impairments. These submissions are not as robust as the Court had expected—neither letter indicated that Mr. Ulrich was functionally incapable of participating in a deposition, or that participation in a deposition before the recommended six-week period of "cognitive rest" would cause Mr. Ulrich to suffer demonstrable harm.

As required by the March 31, 2021 order, Ms. Campolo notified the Court on April 15, 2021 that the Honorable Analisa Torres granted Mr. Ulrich's request for an extension of his deadline for surrender to the Bureau of Prisons, and set a new surrender date of October 15, 2021. *See U.S. v. Ulrich*, 19 Cr. 107, ECF No. 68. This development substantially limits the potential prejudice to the Plaintiff in this civil action of delaying Mr. Ulrich's deposition, because it ensures that Mr. Ulrich will not be in custody at the completion of Dr. Fishman's recommended period of "cognitive rest."

The Court has received information in various submissions about the history of Mr. Ulrich's medical conditions over a period of years. But for purposes of the discovery schedule in this case, the Court is focused only on how recent developments have affected Mr. Ulrich. The Court held telephonic status conferences in this matter on November 23, 2020, January 7, 2021, and February 18, 2021; Mr. Ulrich, representing himself *pro se*, attended each of these conferences and was able to participate meaningfully despite the myriad health challenges he has endured in the years preceding these conferences. At the conferences, Mr. Ulrich was able to respond to questions from the Court regarding document review and production, deposition scheduling, and numerous other topics. Indeed, one of the subjects that Mr. Ulrich was able to

competently address during the conferences was his request that his deposition be spread over two days as an accommodation for his medical conditions (Plaintiff's counsel readily agreed to this request). Thus while the Court is sympathetic regarding the challenges posed by Mr. Ulrich's longstanding medical conditions, there was never any suggestion that those medical conditions would have prevented Mr. Ulrich from sitting for his deposition as scheduled on March 25 and 26, 2021. Rather, Mr. Ulrich himself had consented to those dates for his deposition.

That said, the submission from Dr. Fishman makes clear that Mr. Ulrich's March 18, 2021 concussion materially worsened certain of his medical conditions to the point where sitting for a deposition in the near-term aftermath of the episode had the potential to make those conditions worse. Dr. Fishman's recommendation does not, however, suggest that Mr. Ulrich's additional impairments are permanent, or that eventually participating in a deposition presents a risk of any long-term damage. This is why it was critical to receive communications from medical professionals in this matter. There is no medical evidence before the Court to substantiate Ms. Campolo's prior representations to the Court about Mr. Ulrich experiencing a rapidly deteriorating medical situation, and no mention of any need for inpatient psychiatric care. The Court is not suggesting that Ms. Campolo was attempting to mislead—only that the clinical evaluations of medical professionals often better capture the medical realities facing a patient than the non-medical characterizations provided by the patient's loved ones.

The Court acknowledges Dr. Fishman's recommendation that Mr. Ulrich have cognitive rest for a period of at least six weeks as a result of his March 18, 2021 concussion and its impact

on Mr. Ulrich's preexisting conditions,[1] and therefore will extend the deadline for completion of discovery to complete Mr. Ulrich's deposition.  Recognizing that Dr. Fishman recommended a rest period of "at least 6 weeks," the Court hereby extends the deadline for completion of fact discovery to June 11, 2021—slightly more than 12 weeks from the date of the concussion, and exactly 10 weeks from the date of Dr. Fishman's most recent letter recommending the cognitive rest.  The parties must meet and confer to discuss the scheduling of Mr. Ulrich's deposition, with the assumption that the deposition will be scheduled over a two-day period, as previously contemplated.  On or before May 21, 2021, Plaintiff is directed to write a letter to the Court either to confirm the agreed-upon dates for the deposition or to notify the Court of any problems with scheduling.

The Court will not grant any further extensions of this deadline absent truly extraordinary circumstances.  Should Mr. Ulrich be inclined to seek any further postponement of his deposition based on alleged medical need, he would have to present far more detailed findings from medical professionals than he has to date to demonstrate specifically how and why a deposition would cause him to suffer demonstrable harm.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Defendant.

In addition, chambers staff will send a copy of this order via e-mail to Ms. Campolo.

Dated: April 28, 2021
      White Plains, New York                **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[1] Six weeks from the date of Mr. Ulrich's March 18, 2021 concussion would be April 29, 2021; six weeks from the date of Dr. Fishman's most recent letter would be May 14, 2021 (though notably, Dr. Fishman's six-week prescription on April 2, 2021 was identical to her six-week prescription on March 25, 2021).